In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00138-CV
______________________________


R. DARYLL BENNETT, Appellant
Â 
V.
Â 
ALBERTA MILLER AND J. PAUL NELSON, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2003-023


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N
Â Â Â Â Â Â Â Â Â Â R. Daryll Bennett appeals from a summary judgment rendered against him in a
declaratory judgment action. Bennett, an attorney, and J. Paul Nelson, also an attorney,
both obtained contingency fee contracts for the same car accident. Nelson's was first in
time and was signed by Alberta Miller, the injured party. Bennett's was second in time and
was signed by Hobert Stanley Miller,


 temporary guardian for Alberta. Both sides filed
motions for declaratory judgment and then filed motions for summary judgment. The trial
court found Nelson's contract valid and enforceable. Nelson's contract, signed by Alberta,
is dated July 20, 2002. Bennett's contract, signed by Stanley, is dated August 20, 2002,
one day after Stanley's appointment as temporary guardian. The temporary guardianship
ended in December 2002. 
Â Â Â Â Â Â Â Â Â Â The trial court granted Nelson's motion for conventional summary judgment and
denied the motion for no-evidence summary judgment filed by Alberta and Nelson. 
Although not explicitly ruling on Bennett's motion for summary judgment, and not explicitly
disposing of other defendants, Alberta and Minibus, Inc.,


 in the original suit brought by
Bennett, the court rendered judgment in favor of Nelson and stated that its ruling finally
disposed of all parties and claims before it. Bennett filed a notice of appeal, as did Alberta
and Nelson.
Â Â Â Â Â Â Â Â Â Â We review declaratory judgments under the same standards as other judgments
and decrees. Tex. Civ. Prac. & Rem. Code Ann. Â§ 37.010 (Vernon 1997); Lidawi v.
Progressive County Mut. Ins. Co., 112 S.W.3d 725, 730 (Tex. App.âHouston [14th Dist.]
2003, no pet.). We therefore look to the procedure used to resolve the issue at trial to
determine the standard of review on appeal. Lidawi, 112 S.W.3d at 730. Accordingly, in
reviewing the declaratory provisions in the present case, we look to the standards
applicable to summary judgment. 
Â Â Â Â Â Â Â Â Â Â When reviewing a ruling on a conventional motion for summary judgment, we take
as true all evidence favorable to the nonmovant and indulge every reasonable inference
and resolve any doubts in the nonmovant's favor. Limestone Prods. Distribution, Inc. v.
McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d
217, 223 (Tex. 1999). On appeal, the movant must show there is no material fact issue
and that the movant is entitled to judgment as a matter of law. Id.
Â Â Â Â Â Â Â Â Â Â In general, an order granting a summary judgment may be appealed, but an order
denying a summary judgment may not. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex.
1980). However, an exception to this rule exists when both sides file motions for summary
judgment and the court grants one and overrules the other. Tobin v. Garcia, 159 Tex. 58,
316 S.W.2d 396, 400 (1958). On appeal, the proper disposition is for the appellate court
to render judgment for the party whose motion should have been granted. Members Mut.
Ins. Co. v. Hermann Hosp., 664 S.W.2d 325, 328 (Tex. 1984); McLemore v. Pac.
Southwest Bank, FSB, 872 S.W.2d 286, 289 (Tex. App.âTexarkana 1994, writ dism'd by
agr.). Each party must clearly prove its right to judgment as a matter of law, and neither
party may prevail simply because the other party failed to make such proof. Bd. of
Adjustment of City of Dallas v. Patel, 887 S.W.2d 90, 92 (Tex. App.âTexarkana 1994, writ
denied); James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 704 (Tex. App.âHouston
[1st Dist.] 1987, writ denied).
Â Â Â Â Â Â Â Â Â Â In its judgment, the court declared that there was no issue of material fact about
Nelson's affirmative defense that there was a "pre-existing contract; pre-emptive contract"
and found that Nelson was therefore entitled to summary judgment. 
The Conventional Summary Judgment
Â Â Â Â Â Â Â Â Â Â Bennett contends the court erred by rendering summary judgment against him. The
court held that the pre-existing contract was enforceable. Bennett bases his contention on
his position he provided summary judgment evidence Alberta was incompetent at the time
she signed the contract with Nelson. The rights of incompetents are generally protected
by rules that, in some circumstances, void transactions in which they are involved, and by
the availability of guardianships. Dubree v. Blackwell, 67 S.W.3d 286, 289 (Tex.
App.âAmarillo 2001, no pet.); Restatement (Second) of Contracts Â§ 15 (1981). 
Â Â Â Â Â Â Â Â Â Â Bennett directs the Court to a letter attached to his motion for summary judgment,
written by a treating physician. The car accident occurred July 17, and Alberta signed the
contract with Nelson July 20. Errington Thompson, M.D., wrote the letter at bar, which was
filed of record August 15, 2002. In that letter, he stated he examined Alberta July 25. He
stated that she had a "closed head injury fro [sic] a motor vehicle crash on 7/17/02," that
she "suffered an intracranial hemorrhage," that her "prognosis is good but her recovery will
be slow. It is not clear if all of her mental capacity will return," and that "her thinking is quite
muttled [sic]." 
Â Â Â Â Â Â Â Â Â Â Although a temporary guardianship was granted, it terminated, and Alberta was not
placed under a permanent guardianship. 
Â Â Â Â Â Â Â Â Â Â Nelson produced an affidavit from Alberta, attached to his response to Bennett's
motion for summary judgment. It was prepared after the temporary guardianship
terminated. In the affidavit, Alberta reiterated that, at the time she signed the contract with
Nelson, she had not been placed under a guardianship or deemed mentally incapacitated
or incompetent by any court or medical professional, and she fully understood the effect
of her actions and intended to be bound by them. 
Â Â Â Â Â Â Â Â Â Â As pointed out by Nelson in his trial brief, Thompson's letter is merely that. It is a
document offered for proof of the matter asserted and is, as Nelson pointed out, hearsay. 
See Tex. R. Evid. 801. Objected-to hearsay is not competent summary judgment
evidence. Tex. R. Civ. P. 166a; see Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122
(Tex. 1996); Alford v. Thornburg, 113 S.W.3d 575, 585 (Tex. App.âTexarkana 2003, no
pet.). 
Â Â Â Â Â Â Â Â Â Â Although Nelson objected both in writing and orally at the hearing, the trial court did
not rule on the objection. However, even assuming the trial court considered the letter, by
its very terms it does not state Alberta was incompetent at the time she signed the contract
with Nelson. The first date referenced by the letter is five days after she signed the
contract, and even that does not reflect she was incompetent, only that her thinking was
"muttled" [sic].
Â Â Â Â Â Â Â Â Â Â There is clear evidence by affidavit from the person at issue that she was neither
incapacitated nor incompetent at the time she signed the contract. The evidence
presented by Bennett does not contradict that evidence. Thus, the trial court did not err
by granting summary judgment on that basis.
Â Â Â Â Â Â Â Â Â Â Bennett also contends the trial court erred by denying his motion for summary
judgment on the basis that his own contingency fee contract was valid, while the other
contract was not. There are several problems with this position. The summary judgment
evidence contains a copy of the order, dated August 19, 2002, appointing Stanley (who
signed the contingency fee contract with Bennett the next day) as temporary guardian of
Alberta. Tex. Prob. Code Ann. Â§ 875 (Vernon Supp. 2004), which authorizes the creation
of a temporary guardian, provides in subsection (b) that, "The person retains all rights and
powers that are not specifically granted to the person's temporary guardian by court order." 
Subsection (g) provides that, "The court shall assign to the temporary guardian only those
powers and duties that are necessary to protect the respondent against the imminent
danger shown." Tex. Prob. Code Ann. Â§ 876 (Vernon 2003) goes on to provide that the
order "shall be evidence of the temporary guardian's authority to act within the scope of the
powers and duties set forth in the order." 
Â Â Â Â Â Â Â Â Â Â The order appointing Stanley as temporary guardian provides no such information. 
It does not specifically grant any right, or any power, or any duty, and does not specify any
imminent danger from which the person need be protected. The order concludes as
follows: "IT IS FURTHER ORDERED, that the Temporary Guardian shall have all the
powers and duties as stated in the Texas Probate Code." 
Â Â Â Â Â Â Â Â Â Â The Probate Code, for obvious reasons, intentionally sets out no powers or duties
for a temporary guardian. It instead specifically and repeatedly requires the order to
designate the specific extent of the authority of the temporary guardian. See Bandy v. First
State Bank, 835 S.W.2d 609 (Tex. 1992). Where no authority is specifically designated,
we cannot find that the order gave the temporary guardian the authority to enter into such
a contract. In similar situations, courts have acknowledged that acts taken by a temporary
administrator, that are not specifically authorized by the order of appointment, are void. 
See id. at 615 (involving contracts entered by temporary administrators outside expressly
authorized actions set out by court's order).
Â Â Â Â Â Â Â Â Â Â We conclude that Stanley, as temporary guardian, had no authority to contract on
behalf of Alberta and that the contingency fee contract entered into between Bennett and
Stanley cannot be enforced. Thus, the trial court did not err by denying Bennett's motion
for summary judgment. 
Â Â Â Â Â Â Â Â Â Â Because of our determinations above, we need not address the point of error
brought by Alberta and Nelson complaining the trial court also erred by not granting their
no-evidence motion for summary judgment.
Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â April 19, 2004
Date Decided:Â Â Â Â Â Â Â Â Â June 8, 2004



ly:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-101-CR%20In%20re%20Elliot%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00101-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  GEORGE A. ELLIOTT

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Seeking to gain access to records
from his 1993 conviction, George A. Elliott has petitioned this Court for
mandamus relief against both the District Clerk of Titus County and the 76th Judicial
District Court in Titus County.Â  Elliott
asks that we order (1) the Titus County District Clerk to file a motion he
claims to have sent the clerk, and (2) the trial court to rule or take action
on his motion.Â  We deny ElliottÂs
petition.

(1)Â Â Â Â Â Â Â  We Have No Mandamus Jurisdiction Over
the District Clerk

Â Â Â Â Â Â Â Â Â Â Â  ElliottÂs first ground asks us to
issue a writ of mandamus directing the Titus County District Clerk to file his
motion and present it to the trial court.Â 
This Court does not have mandamus jurisdiction over district clerks. Â In re
Rodriguez, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex.
App.ÂTexarkana Oct. 22, 2008, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692Â93
(Tex. App.ÂSan Antonio 1998, orig. proceeding) (per curiam) (for district clerk
to fall within jurisdictional reach of court of appeals, must establish that
mandamus is necessary to enforce court of appealsÂ jurisdiction).Â  Because ElliottÂs first ground does not
present a ground on which relief may be granted, we deny his request.

(2)Â  Elliott Has Not Established His Right to
Mandamus Relief Against the Trial Court

Â Â Â Â Â Â Â Â Â Â Â  In his second ground, Elliott asks
us to order the 76th Judicial District Court in Titus County to rule on his
motion requesting a loan of his trial records.Â 
To be entitled to mandamus relief, a relator must show that he or she
has no adequate remedy at law to redress the alleged harm and that he or she
seeks to compel a ministerial act, not involving a discretionary or judicial
decision. Â State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,
236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).Â  Considering a motion that is properly filed
and before the court is a ministerial act.Â 
State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).Â  A relator must establish that the trial court
(1) had a legal duty to rule on the motion, (2) was asked to rule on the
motion, and (3) failed to do so.Â  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.ÂWaco 2003, orig. proceeding).Â  A
relator must show that the trial court received, was aware of, and asked to
rule on the motion.Â  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.ÂAmarillo 2003,
orig. proceeding).Â  Filing something with
the district clerkÂs office does not make the trial court aware of it; the
clerkÂs knowledge is not imputed to the trial court.Â  Id.
at n.2.

Â Â Â Â Â Â Â Â Â Â Â  Elliott has presented nothing to
this Court establishing that he filed or presented the trial court with the
motion at issue, that he requested a ruling on the matter, or that the trial
court has failed to act in a reasonable time.Â 
We realize that, in ElliottÂs first ground for relief, he claims the
district clerk has not filed the motion.Â 
However, he has presented us nothing beyond that bare allegation.

Â Â Â Â Â Â Â Â Â Â Â  Even with proof of initial filing,
however, such proof would not establish that the motion was brought to the
trial courtÂs attention or presented with a request for a ruling.Â  In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.ÂÂTexarkana 2008, orig. proceeding).Â  Nonetheless, it is still ElliottÂs obligation
to show that he asked the court to rule on the matter. 

Â Â Â Â Â Â Â Â Â Â Â  It is relatorÂs responsibility to
file the record with a petition for writ of mandamus.Â  See
Tex. R. App. P. 52.7(a)(1) (requiring
relator to file with petition certified or sworn copy of every document that is
material to relatorÂs claim for relief and that was filed in any underlying
proceeding); see also Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.ÂÂHouston [1st Dist.] 1992, orig. proceeding) (per curiam) (to
establish that trial court refused to rule on pending motion, relator must
provide record showing that, after he filed his motion, relator asked trial
court for hearing and ruling on his motion and trial court refused to hold
hearing and to rule). 

Â Â Â Â Â Â Â Â Â Â Â  Even if Elliott had done all of the
above, he has presented nothing in his petition suggesting the trial court has
failed, for an unreasonable amount of time, to rule on his motion.Â  The trial court has a reasonable time within
which to perform its ministerial duty.Â  See Blakeney,
254 S.W.3d at 661; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.ÂSan Antonio 1997, orig.
proceeding).Â  A trial courtÂs refusal to
rule on a pending motion within a reasonable amount of time constitutes a clear
abuse of discretion.Â  See In
re Shredder Co., 225 S.W.3d 676, 679 (Tex. App.ÂEl Paso 2006, orig.
proceeding) (citing In re Greenwell,
160 S.W.3d 286, 288 (Tex. App.ÂTexarkana 2005, orig. proceeding)).Â  Whether a reasonable time has lapsed depends
on the circumstances of each case. Â Blakeney, 254 S.W.3d at 662. Â ÂDetermining what time period is reasonable is
not subject to exact formulation. . . . Â Moreover,
no bright line separates a reasonable time period from an unreasonable one.ÂÂ  Id.
(citing Keeter, 134 S.W.3d at 253).Â  Periods of eighteen months and thirteen
months have been held to be too long for a trial court not to rule.Â  In re
Ramirez, 994 S.W.2d 682, 684 (Tex. App.ÂSan Antonio 1998, orig.
proceeding); Kissam v. Williamson,
545 S.W.2d 265 (Tex. Civ. App.ÂTyler 1976, orig. proceeding) (per curiam).

Â Â Â Â Â Â Â Â Â Â Â  In this case, Elliott claims sixty
days have passed without a trial court ruling.Â 
As we said earlier, nothing on the copy of the motion Elliott attached
to his petition suggests when the motion was mailed, filed, or presented to the
trial court for a ruling.Â  Even assuming,
in light of the dearth of supporting documents described above, such a period
has passed, Elliott presents nothing to argue such a period is unreasonable.Â  In Blakeney,
we were also presented with a lack of appropriate record.Â  Nonetheless, we found that, even if BlakeneyÂs
timetable was correct, just under two months had passed since the initial
filing of the motion in question.Â  We
found no showing that a reasonable time to rule had passed.Â  Blakeney,
254 S.W.3d at 662.Â  Furthermore, since
the trial courtÂs power to control its own docket is discretionary, a reviewing
appellate court may not arbitrarily interfere with it.Â  See
Ex parte Bates, 65 S.W.3d 133, 135
(Tex. App.ÂAmarillo 2001, orig. proceeding); Ho v. Univ. of Tex. at Arlington, 984 S.W.2d 672, 693Â94 (Tex.
App.ÂAmarillo 1998, pet. denied) (court has inherent authority to control its
own docket).

Â Â Â Â Â Â Â Â Â Â Â  Because
Elliott has not shown himself entitled to mandamus relief, we deny his
petition.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
6, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
7, 2010

Â 

Do Not Publish