

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARY LOU NAVA, as next friend of ANGELA NAVA, a person with total mental incapacity, | § § § | No. 08-20-00049-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| REVERSE MORTGAGE SOLUTIONS, INC. | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019-DCV-0910) |

**MEMORANDUM OPINION**

Appellant Mary Lou Nava, as Next Friend of Angela Nava (Nava") brought this action for declaratory judgment and damages under the Texas Deceptive Trade Practices Act against Appellee Reverse Mortgage Solutions, Inc. ("RMS").[1] RMS filed a no-evidence and traditional motion for summary judgment below which the trial court granted and which Nava now challenges on appeal. Finding that the trial court properly dismissed the case, we affirm the judgment below.

## I. BACKGROUND

### A. Factual Background

On February 20, 2014, Angela Nava executed a promissory note in the amount of $157,500

---

[1] Nava also brought a claim to set aside what was claimed to be an arbitration clause but did not raise that claim on appeal.

1

payable to Cherry Creek Mortgage Co., Inc.[2] She secured payment of the note with a deed of trust on property located at Montecito Road in El Paso. Under the terms of that deed of trust, the note became payable in full if Nava ceased to occupy that property for a period of more than twelve consecutive months without the written consent of the lender. On February 25, 2014, RMS began to service the note.

Nava defaulted on the note by failing to occupy the premises for over a year without the lender's prior consent. RMS instituted foreclosure proceedings under TEX.R.CIV.P. 736. On March 13, 2019, Nava instituted this action, seeking a declaratory judgment and monetary damages.

On May 23, 2019, RMS served discovery upon Nava, including requests for admissions. Nava failed to answer the requested admissions on a timely basis, nor did she move to set aside the deemed admissions. Therefore, Nava admitted: (1) that she signed the note and the deed of trust; (2) that she ceased to occupy the property for a period of longer than 12 months without prior approval from the lender, which thereby caused the note to become due; and (3) that RMS has funded $52,000 under the note and the balance due on the note is $57,354.59.

RMS moved for both traditional and no-evidence summary judgment. Nava replied to these motions but offered no evidence in support of the response. On November 19, 2019, the trial court granted both motions Nava filed a motion for reconsideration and motion for new trial, but again offered no evidence in support of that motion. On January 13, 2020, the trial court entered a final summary judgment and an order denying the motion for new trial.

---

[2] For purposes of this appeal, we will refer to Mary Lou Nava and Angela Nava collectively as Nava since the action is brought in the capacity of a next friend.

## II. STANDARD OF REVIEW

We review a summary judgment under the de novo standard of review. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *Murray v. Nabors Well Service*, No. 08-18-00187-CV, 2020 WL 401837, at *3 (Tex.App.--El Paso Jan. 24, 2020, no pet.). The court examines the evidence in the light most favorable to the nonmovant and indulges all reasonable inferences against the motion. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019); *Herrera v. Resignato*, No. 08-17-00254-CV, 2020 WL 2186467, at *3 (Tex.App.--El Paso May 6, 2020, no pet.).

When we review a hybrid motion for summary judgment (combining the no-evidence motion with a traditional motion), as we do here, we first consider the no-evidence motion before the traditional motion. *Community Health Systems Professional Services Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017); *Harrison v. Rosetta Resources Operating LP*, 564 S.W.3d 68, 72 (Tex.App.--El Paso 2018, no pet). The de novo standard of review applies to both no-evidence and traditional motions. *Id.*

## III. DISCUSSION

At trial, Nava raised two claims for relief: (1) she sought a judicial declaration that the contracts she entered were void because of her lack of capacity; and (2) she brought claims under the Texas Deceptive Trade Practices Act. Nava raises a single issue on appeal: whether the trial court erred in resolving the issue of her mental status in granting the traditional and no-evidence summary judgment motions. Below, we examine the two motions to resolve this claim.

### A. The No-Evidence Summary Judgment Motion

In its no-evidence motion, RMS sought summary judgment on the basis that there was no evidence of Nava's incapacity to sign the note or deed of trust and no evidence of a DTPA violation. Once a party moves for summary judgment under TEX.R.CIV.P. 166(a)(i), the burden shifts to the nonmovant to present competent evidence raising a material issue of fact regarding the challenged issue. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Fred Loya Insurance Agency, Inc. v. Cohen*, 446 S.W.3d 913, 918 (Tex.App.--El Paso 2014, pet. denied).

In response to the motion, Nava filed no evidence whatsoever of her incompetence. While she pled that she suffered from Alzheimer's Disease and repeated the allegation in her response to the summary judgment, she failed to offer any competent evidence of her incapacity. Texas law presumes that a person who signs a contractual agreement has read and understood the agreement. *In re Longoria*, 470 S.W.3d 616, 632 (Tex.App.--Houston [14th Dist.] 2015, no pet.); *see In re International Profit Associates., Inc.*, 286 S.W.3d 921, 923 (Tex. 2009); *Ridge Natural Resources, L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 118 (Tex.App.--El Paso, 2018, no pet.). "Absent proof and determination of mental incapacity, a person who executes a document is presumed to have read and understood it." *Turner v. Hendon*, 269 S.W.3d 243, 247-48 (Tex.App.--El Paso 2008, pet. denied), *quoting Dubree v. Blackwell*, 67 S.W.3d 286, 289 (Tex.App.--Amarillo 2001, no pet.).

Even if we were to assume that Nava suffered from Alzheimer's or dementia at the time of the loan (a fact not borne out by the evidence), this record contains nothing to suggest the disease had progressed to the point where she lacked capacity to contract. As Nava concedes, "[t]he summary judgment record is devoid of actual medical evidence on the mental status of Nava on

February 20, 2014." In response to a no-evidence motion, Nava carried the burden of producing such evidence. In the absence of competent evidence overcoming the presumption of her incapacity at the time she signed the note and deed of trust, Texas law assumes that Nava was competent.[3] She offered none, and we find no error in the court's judgment.

RMS also moved for summary judgment on the claims under the Texas Deceptive Trade Practices Act ("DTPA"). In order to recover under the DTPA, a plaintiff must establish standing as a "consumer." *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Figueroa v. West*, 902 S.W.2d 701, 707 (Tex.App.--El Paso 1995, no writ). Under the statute, a "consumer" must seek or acquire goods or services through a purchase or lease. TEX.BUS.& COM.CODE ANN. § 17.45(4). The extension of credit does not constitute a good or a service. *Lewis*, 603 S.W.2d at 173-75; *Thomas C. Cook, Inc. v. Rowhanian*, 774 S.W.2d 679, 681 (Tex.App.--El Paso 1989, writ denied). In the no-evidence motion, RMS challenged Nava's status as a consumer, and Nava offered no evidence to support her claim of such standing. We find no error in the trial court's ruling.

Finally, RMS moved for summary judgment on the basis that no evidence supported the conclusion that it caused Nava's damages. Again, Nava failed to offer any evidence in response to the motion, and the trial court did not err in granting the motion.

---

[3] Nava attempts to rely on her own interrogatory answers, filed by RMS in conjunction with its traditional motion. In those answers she states: "Angela was not I [sic] the full mental state capacity to know or understand what she was signing." She undercuts this evidence, however, noting she cannot testify as to her mother's condition on the day the documents were signed: "I don't know. I was not there." In any event, we consider the no-evidence motion first, and she filed no evidence in response to that motion. Secondly, a party cannot rely upon their own interrogatory answers to defeat a summary judgment motion. TEX.R.CIV.P. 197.3. *Yates v. Fisher*, 988 S.W.2d 730 (Tex. 1998) (construing former rule 168(2)); *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex.App.--El Paso, 2008, no pet.).

**B. The Traditional Motion**

RMS also filed a traditional motion for summary judgment challenging the absence of consumer standing. We have dealt with that issue above; however, we affirm that ruling on the traditional motion as well.

RMS further sought summary judgment, claiming Nava's DTPA suit was barred by the statute of limitations. The statute contains a two-year limitations period. TEX.BUS.& COM.CODE ANN. § 17.565. That period begins to run on the date of the deceptive act or practice, or within two years of the time the deceptive act or practice could have been discovered with reasonable diligence. Nava's claims allegedly arise from the origination of the loan, which the summary judgment evidence established was February 20, 2014. Nava did not file this suit until March 13, 2019, more than five years after the alleged deceptive acts. She neither pled nor proved any basis for the application of the discovery rule. The summary judgment based upon the statute of limitations was therefore proper.

## IV. CONCLUSION

For the reasons noted, we affirm the judgment.

JEFF ALLEY, Chief Justice

November 30, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

6