Carla Deronda GREGORY et
al., Petitioners,

v.

TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Respondent.

No. B–5316.

Supreme Court of Texas.

Nov. 19, 1975.

**106**

Kronzer, Abraham & Watkins, Tom Edwards and Gregory H. Laughlin, Houston, for petitioners.

Fulbright & Jaworski, Dixie Smith and H. Lee Lewis, Jr., Houston, for respondent.

DOUGHTY, Justice.

This is a workmen's compensation case. Carl Albert Gregory, an employee of Dow Chemical Company, died as a result of injuries he received while working on his employer's premises. The Industrial Accident Board awarded death benefits to Carla Deronda Gregory and Sotonya Lynn Gregory, which award Texas Employers' Insurance Association, Dow Chemical's compensation carrier, appealed to the district court. The trial court entered judgment on a jury verdict awarding claimants full compensation benefits. The Court of Civil Appeals has reversed the judgment of the trial court and entered judgment that claimants take nothing. 521 S.W.2d 898.

Carl Gregory's death resulted from injuries sustained when he fell from the roof of a building where he worked at the Dow Chemical plant in Freeport, Texas. At trial all relevant facts were stipulated except the question of whether Gregory's death was the result of self-inflicted injury and thus excepted from coverage by Article 8309, Section 1 of the Workmen's Compensation Act. Only one issue was submitted to the jury:

Was the death of Carl Albert Gregory the result of intentional self-inflicted injury on his part?

To which issue the jury answered:

It was not the result of intentional self-inflicted injury on his part.

There was no objection to this issue.

The Court of Civil Appeals has held that the evidence conclusively establishes as a matter of law that Gregory died of injury caused by his willful attempt to injure himself. In so holding, the Court of Civil Appeals was in error. We hold that the evidence does not conclusively establish that Gregory's death resulted from intentional self-inflicted injury, and we remand the case to the Court of Civil Appeals for a determination of issues not decided by that court.

The facts and evidence of the case are adequately set out in the opinion of the Court of Civil Appeals and need not be repeated here. That court recognized that the testimony of Gregory's two daughters and of his next-door neighbor was relevant to his intention to take his life. The court held nevertheless that the expert testimony of Wiley B. Noble and the testimony of Joseph H. Andrews, who saw Gregory after he left the roof and before he hit the ground, conclusively establish that Gregory intentionally jumped from the roof.

■ There is no direct evidence of suicide in this case. We have held, however, that "the lack of direct evidence does not prevent its being conclusive; an ultimate fact may be conclusively shown by wholly circumstantial evidence." *Prudential Insurance Co. of America v. Krayer*, 366 S.W.2d 779, 780 (Tex.1963). As this Court has stated in *Cavanaugh v. Davis*, 149 Tex. 573, 582, 235 S.W.2d 972, 977 (1951):

While proof of an ultimate fact by other relevant facts and circumstances may sometimes be so conclusive even in the absence of direct evidence as to compel a finding of its existence as a matter of

law, [citations omitted] this will be true only where reasonable minds might not differ as to the inference to be drawn.

The evidence shows that Gregory struck the ground upon his back, his feet pointing away from the building from which he fell. His head hit at a point 20 feet from the building. Mr. Andrews testified that from the moment he saw Gregory falling, which was approximately mid-way in his fall, his body remained in approximately the same attitude as when it struck the ground. The building measured 43 feet from the edge of the roof to the ground. The expert witness testified that in order for a person to strike the ground 20 feet from a building 43 feet high, he must have left the roof traveling at a velocity of 9.15 miles per hour. This testimony is uncontradicted. Mr. Noble also testified that it was his opinion that Mr. Gregory's body was in the same horizontal position when it left the roof as when it hit the ground; that "[i]n my opinion it was a free fall from the top to the bottom"; and that there was no other way for Mr. Gregory to have obtained a velocity of 9.15 miles per hour except by running from the top of the building. On cross examination, however, counsel asked:

He could have hit some objects on the way down and still have wound up in the same relative position, true?

To which Mr. Noble replied, "That is true."

■ The evidence shows that there is a stairway on the side of the building from which Gregory fell, with a platform approximately 25 feet above the ground and extending six feet, seven inches horizontally from the side of the building. The platform has a banister extending approximately three and one-half feet above its surface. A light fixture is attached to one corner of the platform, extending approximately six and one-half feet above the platform; an iron pipe is attached to the other corner and extends approximately ten and one-half feet above the platform. It is petitioners' contention that Gregory could have struck some part of this structure during his fall, thus propelling him away from the building. The Court of Civil Appeals concluded that petitioners' contention could not be reasonably inferred from the above evidence, because Gregory's body would have been tumbling or turning had it struck anything in its fall, while the eyewitness's uncontradicted testimony established that the body was not tumbling or turning. Even though we agree with the Court of Civil Appeals that its interpretation of the evidence is perhaps the most reasonable, we cannot agree that the evidence conclusively establishes that Gregory's body did not strike any part of the platform after leaving the roof. In short, we do not believe that the evidence of the position of Gregory's body during the second half of its fall and its distance from the building upon impact establishes as a matter of law that Gregory purposefully jumped from the roof with the intention of injuring himself. While the expert witness's testimony must be taken as true insofar as it establishes facts, the opinions of the expert as to deductions from those facts is never binding on the trier of facts, even though not contradicted by an opposing expert. *Luttes v. State*, 159 Tex. 500, 324 S.W.2d 167 (1958). Mr. Noble's opinion that Gregory had to run from the roof in order to reach the point where he struck the ground is a conclusion based upon the facts; we do not believe that it is the only possible conclusion warranted by the facts.

Respondent contends that this case is controlled by *Prudential Insurance Co. of America v. Krayer, supra*, because "the jury had to resort to pure fantasy and speculation in order to conclude" that Gregory's death was not the result of self-inflicted injury. 366 S.W.2d at 782. We disagree. In *Krayer* respondent's contention that the death was not a suicide depended upon the existence of a stranger who, according to respondent, must have shot the decedent; there was no evidence of this third person's existence or presence at the time of decedent's death, or that such stranger shot him. Here petitioners' contention does not

**108**

depend on the action of any unknown person, but only upon an interpretation of the facts as known, which interpretation we are unable to say is unreasonable. We hold that there was some evidence to support the jury's finding that Gregory's death was not the result of intentional self-inflicted injury.

■ Petitioners contend that respondent has admitted by its answer to a request for admission submitted pursuant to Rule 169, Texas Rules of Civil Procedure, that Gregory's death was a compensable injury under the Workmen's Compensation Act, and that petitioners are therefore entitled to judgment in their favor. Respondent answered "Admitted" to the following request:

> That at the time of his death, Carl Albert Gregory was within the course and scope of his employment for the Dow Chemical Company at its Plant A, in Freeport, Brazoria County, Texas, as an operator.

We agree with the Court of Civil Appeals that this admission did not preclude respondent from asserting that Gregory's death was not a compensable injury. The obvious basis of respondent's case was that Gregory committed suicide, and it is clear that respondent did not intend to admit that Gregory's death was compensable. Petitioners' contention is overruled.

■ Respondent had before the Court of Civil Appeals a point of error challenging the sufficiency of the evidence to support the jury's verdict. The court did not pass upon that point and we have no jurisdiction to consider it. We must therefore remand the case to the Court of Civil Appeals for its consideration of that point. *Stanfield v. O'Boyle,* 462 S.W.2d 270 (Tex.1971). Because we are remanding the case to the Court of Civil Appeals, we do not deem it necessary to consider petitioners' other points of error. Respondent also has cross-points before this Court challenging the trial court's exclusion of certain evidence. Since we must remand the case, we leave those points to be determined by the Court of Civil Appeals. *Custom Leasing, Inc. v.*

*Texas Bank & Trust Co.,* 491 S.W.2d 869 (Tex.1973).

The judgment of the Court of Civil Appeals is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.