NO. 07-00-0406-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 9, 2001



______________________________




MARSHALL DUBREE, INDIVIDUALLY


AND AS INDEPENDENT EXECUTOR OF


THE ESTATE OF LILLIE DUBREE, APPELLANT



V.



EDWARD BLACKWELL, APPELLEE


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-505,327; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Marshall Dubree (Marshall), Individually and as Independent Executor of
the Estate of Lillie Dubree, appeals from a take-nothing judgment in his suit to set aside
a deed and bank account signature cards which were executed by Lillie Dubree before her
death. Marshall claims that Lillie was not competent when the documents were executed
and that appellee Edward Blackwell (Edward) unduly influenced Lillie to execute the
documents. By four issues Marshall urges that jury findings adverse to his claims were not
supported by factually sufficient evidence. We affirm. 

I. BACKGROUND

 Edward was a lifelong friend of Lillie Dubree and was married to Lillie's sister. 
Lillie's sister died in 1988. After the death of her sister, Lillie invited Edward to move to
Lubbock, Texas, where Lillie lived. Edward did so, purchased a house in Lubbock and put
it in Lillie's name. Edward and Lillie both resided in the house. Both Edward and Lillie had
health problems associated with their advancing ages. Edward cared for Lillie until he
became physically unable to do so. Lillie's declining health and Edward's physical inability
to care for her culminated in Lillie being placed in a nursing home in October, 1997. On
June 9, 1998, Lillie deeded her house to Edward. On July 14, 1998, Lillie executed new
signature cards to her account in the American State Bank in Lubbock. The new signature
cards changed the account to a joint account with Edward, with the right of survivorship. 
 

 Lillie died testate in December, 1998. Marshall, Lillie's nephew, was named in her
will as independent executor and as sole beneficiary of her estate. Marshall filed suit to
set aside the deed and bank account signature cards Lillie executed in 1998. Marshall
claimed that when the documents were executed Lillie did not have capacity to execute the
documents, and she was acting under the undue influence of Edward. 

 The case was tried to a jury. By its answers to jury questions one and four, (1) the jury
found that (1) on June 9, 1998, the date that she conveyed her house to Edward, Lillie had
sufficient mind and memory to understand the nature and consequences of her acts and
the business she was transacting; and (2) on July 14, 1998, when she signed a joint and
survivorship [sic] account card, Lillie had sufficient mind and memory to understand the
nature and consequences of her acts and the business she was transacting. By its
answers to jury questions two and five, the jury failed to find that (3) on June 9, 1998, the
date that she conveyed her house to Edward, Lillie was under the undue influence of
Edward; and (4) on July 14, 1998, when she signed a joint and survivorship [sic] account
card, Lillie was under the undue influence of Edward. The trial court entered a take-nothing judgment and denied Marshall's motion for new trial.

 By four issues (2) Marshall challenges the factual sufficiency of the jury findings. His
issues one, two, four and five, respectively, urge that the jury's findings in response to
questions one, two, four and five are against the great weight and preponderance of the
evidence and are manifestly unjust. 

II. LAW

A. Standard of Review

 If a finding is challenged for factual sufficiency of the evidence, all of the evidence
is reviewed, Lofton v. Texas Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986), both favorable
and contrary to the findings. In re King's Estate, 150 Tex. 662, 664-65, 244 S.W.2d 660,
661 (1951). We reverse on the basis of factual insufficiency only if the verdict is so
against the great weight and preponderance of the evidence that it is manifestly erroneous
or unjust. Id. If we sustain a factual insufficiency issue, we reverse and remand for a new
trial. Id. 

 In making our determination as to factual sufficiency assertions, we do not reweigh
the evidence and set the verdict aside merely because we feel that a different result is
more reasonable. Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986). The
factfinder, whether jury or trial court in a bench trial, is the sole judge of the credibility of
the witnesses and the weight to be given their testimony. Leyva v. Pacheco, 163 Tex. 638,
358 S.W.2d 547, 549 (1962). The factfinder may believe one witness and disbelieve
another. McGalliard v. Kuhlman, 722 S.W.2d 694, 697 (Tex. 1986). The factfinder
resolves inconsistencies in testimony. Id. Where enough evidence is before the
factfinder that reasonable minds could differ on the meaning of the evidence, or the
inferences and conclusions to be drawn from the evidence, we may not substitute our
judgment for that of the factfinder. Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). 
When the jury did not find a fact based upon a preponderance of the evidence, we may
not reverse merely because we conclude that the evidence preponderates toward an
affirmative answer. Id. 

B. Incompetency and Undue Influence

 Absent proof and determination of mental incapacity, a person who signs a
document is presumed to have read and understood the document. See Reyes v. Storage
& Processors, Inc., 995 S.W.2d 722, 725 (Tex.App.--San Antonio 1999, pet. denied).
Elderly persons are not presumptively incompetent. Edward D. Jones & Co. v. Fletcher,
975 S.W.2d 539, 545 (Tex. 1998). A person may be incompetent at one time but
competent at another time. See Hefley v. State, 480 S.W.2d 810 (Tex.Civ.App.--Fort
Worth 1972, no writ). The rights of incompetents are generally protected by rules that in
some circumstances void transactions in which they are involved, and by the availability
of guardianships. See Fletcher, 975 S.W.2d at 544-45; Restatement (Second) of
Contracts § 15 (1981).

 In deciding whether undue influence resulted in execution of a document, three
factors are to be considered: (1) the existence and exertion of an influence; (2) whether
the influence operated to subvert or overpower the grantor's mind when the deed was 
executed; and (3) whether the grantor would not have executed the deed but for the
influence. Dulak v. Dulak, 513 S.W.2d 205, 209 (Tex.1974). III. ANALYSIS

A. Lillie's Competency (3)

 Both the deed in question and the signature card to the American State Bank
account were presented to Lillie Dubree by persons who did not testify at trial. Edward
testified that the deed by which Lillie transferred the house to him was presented to Lillie
by a realtor. The deed was notarized. A representative of American State Bank presented
the account signature card by which Lillie designated the bank account as a joint account
with the right of survivorship. No witness testified as to Lillie's mental condition at the very
time she actually signed either the deed to the house or the bank signature card. 

 Evidence before the jury was conflicting as to whether Lillie was competent during
the time frame in which the documents were executed, but no evidence was adduced as
to Lillie's mental condition at the specific times she executed the documents. Two expert
witnesses testified that Lillie had diminished mental capacity in general; one of the experts
testified that persons could generally have diminished mental capacity but have periods
of lucidity and understanding; Edward testified that Lillie was coherent and mentally
capable to handle her affairs during his bi-weekly personal visits with her; Marshall opined
that based on his personal experiences with her, Lillie was not mentally competent to
handle her business. Marshall urges that the testimony of the expert witnesses and
Marshall overcome the presumption that Lillie was competent to execute the documents
and the testimony of Edward that Lillie was competent to manage her affairs. We
disagree.

 The jury was able to observe the witnesses and determine the weight to be given
their testimony. Expert witness opinion testimony as to the competency of a person is not
conclusive as to competency, and must be evaluated by a jury along with the other
evidence presented. See Gregory v. Texas Employers Ins. Ass'n, 530 S.W.2d 105, 107
(Tex.1975) (while the expert witness's testimony must be taken as true insofar as it
establishes facts, the opinions of the expert as to deductions from those facts is never
binding on the trier of facts, even though not contradicted by an opposing expert). 
Moreover, as we have previously noted, no witness testified as to Lillie's mental condition
at the very time she executed either the deed or the bank account signature card. 
According to one of Marshall's expert witnesses, persons can generally have diminished
mental capacity or dementia and yet have "lucid, clear moments." Assuming, arguendo,
that the testimony as to Lillie's general mental state around the time she signed the deed
and bank account signature card would have been sufficient for the jury to find that she did
not have sufficient mind and memory to understand the nature and consequences of her
acts and the business she was transacting, the evidence was not such that the jury's
finding otherwise was so against the great weight and preponderance of the evidence that
it is manifestly unjust. See Herbert, 754 S.W.2d at 144. We overrule appellant's first and
fourth issues. 

B. Undue influence

 As we have previously noted, Edward was not present when Lillie executed either
the deed or the bank account signature card. The documents were presented to Lillie by
third parties not related to or alleged to have been under the control of Edward. Edward
testified without contradiction that he was unaware that Lillie was going to sign a bank
account card changing her American State Bank account to a joint account with the right
of survivorship. Edward testified that he merely asked Lillie to deed the house to him so
he could sell it to pay her medical bills, if necessary. There was no evidence that Edward
exerted any influence on Lillie to sign the deed, other than making a suggestion that she
sign the deed. Dr. Richard Wall, a psychologist who testified for Marshall, opined that
Lillie was in such a general mental condition that she would have been susceptible to
suggestions from persons she trusted. 

 The trial court defined "undue influence" as

 . . . such dominion and control exercised over the mind of the person executing the
document, under the facts and circumstances then existing, as to overcome
[Lillie's] free will. In effect the will of the party exercising undue influence was
substituted for that of the party signing the document, preventing her from
exercising her own discretion and causing her to do what she would not have done,
but for such dominion and control. 

The jury failed to find that Lillie was under the undue influence of Edward on either the day
she executed the deed or the day she signed the card changing her bank account to a joint
account with the right of survivorship. As in his claims that Lillie was not competent to
execute the documents, Marshall does not refer us to evidence of Lillie's mental condition
at the specific times she executed the documents. An expert witness testified that Lillie
was generally susceptible to suggestions of persons she trusted; Edward testified that
Lillie was independent and made her own decisions based on observations he made
during his bi-weekly personal visits with her. The evidence does not address the
discussions which logically must have occurred between Lillie and the realtor and bank
representative who actually presented the documents for Lillie to sign. 

 The jury was to judge the credibility of the witnesses and determine the weight to
give their testimony, including that of Marshall's expert, in light of all the evidence. See
Gregory, 530 S.W.2d at 107. Assuming, arguendo, that the expert testimony and other
evidence would have been sufficient for the jury to find that Lillie was unduly influenced
by Edward so that in signing the deed her free will and discretion were replaced by that
of Edward, and that she would not have signed the deed absent Edward's dominion and
control, our review of all the evidence does not lead us to conclude that the jury's failure
to so find was so against the great weight and preponderance of the evidence that it is
manifestly unjust. See Herbert, 754 S.W.2d at 144. We reach the same conclusion as to
Lillie's signing of the signature card changing her American State Bank account. Only as
to the bank account, Marshall refers us to no evidence that Edward ever even discussed
the subject with Lillie, or in any way exerted influence on her to change the status of her
account. Accordingly, we overrule Marshall's second and fifth issues. 

IV. CONCLUSION

 Having overruled all of appellant's issues, we affirm the judgment of the trial court. 


 Phil Johnson

 Justice



Publish.
1. Neither party objected to the jury charge as submitted, and the charge is not
challenged on appeal. When no objection is made to the jury charge, evidence to support
findings based on the questions and instructions should be assessed in light of the charge
given, even if the charge is not entirely correct. See City of Fort Worth v. Zimlich, 29
S.W.3d 62, 71 (Tex. 2000). 
2. Marshall numbers his issues as one, two, four and five. To avoid confusion we will
address the issues as numbered by Marshall. Thus, we will not address issue three; there
is not an issue three. 
3. Edward does not challenge the jury charge for failing to submit questions as to
Lillie's state of mind at the time she actually executed the deed and bank account
signature card, either as to Marshall's allegations of incompetency or undue influence. 
 



Name="Medium List 2 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0248-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

AUGUST 23, 2011

 

______________________________

 

 

DIMAS MORENO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-426,193; HONORABLE JOHN J. MCCLENDON III,
JUDGE

 

_______________________________

 

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

ORDER REINSTATING APPEAL

            By
opinion and judgment dated July 26, 2011, this Court dismissed Appellant's
appeal for want of jurisdiction on the ground that he had failed to timely file
a notice of appeal.  On the limited
documents that were on file at the time, this Court found that Appellant had
been sentenced on April 21, 2011, as reflected in the Docketing Statement
filed, and that his Notice of Appeal filed June 22, 2011, was, therefore,
untimely.  It has now come to the
attention of this Court that, while Appellant did enter his plea of guilty on
April 21, 2011, he was not formally sentenced by the trial court until May 31,
2011.  Therefore, Appellant's notice of
appeal was timely filed.  Tex. R. App. P.
26.2(a)(1). 

Conclusion

            Accordingly,
in the interest of justice, we withdraw our opinion and judgment of July 26,
2011, and reinstate Appellant's appeal. 
Because the Reporter's Record has yet to be filed, all briefing
deadlines will be in accordance with the applicable rules of appellate
procedure.  See Tex. R. App. P. 38.6.

            It
is so ordered.

                                                                                    Per Curiam

 

 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).