Affirmed and Memorandum Opinion filed February 15, 2011. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00786-CV



 

Harris County Appraisal
District, Appellant

V.

Riverway Holdings, L.P.,
South Post Oak Holdings, L.P. and Overland Riverway, L.P., Appellees

 



On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2008-52869



 

MEMORANDUM  OPINION

 

The Harris County Appraisal District (“HCAD”) appeals
from an order granting a traditional summary judgment in favor of Riverway
Holdings, L.P., South Post Oak Holdings, L.P., and Overland Riverway, L.P. (collectively,
“Riverway”).  HCAD contends that the trial court erred because Riverway (1) failed
to establish its entitlement to judgment as a matter of law; and (2) is not
entitled to attorney’s fees.  We affirm.

Background

Riverway owns real property in the Galleria area
identified as the One Riverway Office Building.  The property encompasses 481,222
total net rentable square feet and a land area of 207,106 square feet or 4.7545
acres; it also includes a 1,843-space parking garage.  This property sold for
$67 million in February 2005.

The present appeal arises in connection with HCAD’s
appraisal of the property’s value for the 2008 tax year.  Riverway protested HCAD’s
appraisal with the Appraisal Review Board. The record does not establish HCAD’s
appraised value or the value determined by the Appraisal Review Board.  See Tex.
Tax Code Ann. § 41.01 (Vernon 2008).  After exhausting its administrative
remedies, Riverway filed a petition in district court on September 2, 2008 to
obtain de novo review of the valuation for property tax purposes.  See
id. §§ 42.01, 42.23 (Vernon
2008).

Property generally is appraised for ad valorem taxes
at its market value as of January 1 of the tax year.  Id. § 23.01(a)
(Vernon 2008).  In its petition, Riverway alleged that the property’s appraised
market value for the 2008 tax year substantially exceeded its actual taxable
value.  Riverway alleged that, although it “attempted to obtain a lower
valuation through the administrative remedies prescribed in the Texas Tax
Code,” HCAD and the Appraisal Review Board failed to reduce the property’s
valuation to reflect its actual taxable value.  “If the court determines that
the appraised value of the property according to the appraisal roll exceeds the
appraised value required by law, the property owner is entitled to a reduction
of the appraised value on the appraisal roll to the appraised value determined
by the court.”  Id. § 42.25 (Vernon 2008).

Riverway filed a combined traditional and no-evidence
motion for summary judgment on May 4, 2009.  In support of its motion, Riverway
attached appraisal expert Stevan N. Bach’s two-page affidavit and supporting expert
report.  Riverway argued that it was entitled to a no-evidence summary judgment
because HCAD (1) was required to designate its experts by April 2, 2009, but
failed to do so; and (2) bore the burden of proving the building’s appropriate
valuation, but failed “to produce timely and admissible expert information on
the valuation issue.”

Riverway also asserted its entitlement to a traditional
summary judgment under Rule 166a(c) because its expert “conducted a
comprehensive analysis of [Riverway’s property] under Section 42.25 of the
Texas Tax Code” and determined that the property’s  assessed value as of January
1, 2008 exceeded the property’s market value as of that date.  Bach’s affidavit
and his supporting 40-page expert report concluded that the property’s market
value as of January 1, 2008 was $55 million.  Riverway also argued that it was
entitled to attorney’s fees under the Texas Tax Code.  See Tex. Tax Code
Ann. § 42.29 (Vernon Supp. 2009).

HCAD filed its summary judgment response on May 26,
2009.  It did not proffer a controverting affidavit.  HCAD argued that Riverway
could not obtain a no-evidence summary judgment because HCAD did not plead a
counterclaim and had no burden of proof at trial.  HCAD contended that Riverway
could not obtain a traditional summary judgment because such a judgment would
be “the procedural equivalent of a directed verdict without even giving HCAD
the opportunity to cross-examine Bach.”  HCAD also argued that the absence of a
controverting valuation opinion did not “force[] the Court to accept at face
value Bach’s final number.”  HCAD did not assert in its summary judgment
response that Bach’s affidavit and report were conclusory, or that the value
Bach computed rested on a deficient methodology.  HCAD did not challenge Bach’s
qualifications to opine as an appraisal expert.  Riverway filed a reply to
HCAD’s summary judgment response on June 4, 2009.

The trial court signed a final order granting summary
judgment in favor of Riverway on June 22, 2009.  The trial court’s order did
not specify whether it granted a traditional or a no-evidence summary judgment.

HCAD filed a motion for new trial on July 21, 2009. 
In this motion, HCAD argued that a no-evidence summary judgment was improper because
Riverway bore the burden of establishing that the property’s market value
differed from the appraised value.  As it did in its summary judgment response,
HCAD asserted that the grant of summary judgment denied it an opportunity to
cross-examine Bach.  HCAD also argued for the first time that (1) Bach’s
affidavit was conclusory; and (2) Bach used a deficient valuation methodology.

With respect to Bach’s methodology, HCAD’s motion for
new trial  (1) asserted that the property’s $67 million sales price in 2005 indicated
a market value higher than Bach’s $55 million valuation for 2008; (2) questioned
why  “the market value of [Bach’s] sales [comparables] located in the sales
analysis of his report are roughly 60% of their sales price;” (3) pointed out
that Bach “used a capitalization rate different than that indicated by his
sales;” (4) questioned why Riverway’s property — with a net operating income of
$14.29 per square foot — yields a lesser per square foot market value than
Bach’s sales comparables when the comparables have a lower net operating income
per square foot; and (5) challenged certain sales adjustments Bach relied upon
to compute the property’s appraised market value as of January 1, 2008.  Riverway
filed a response to HCAD’s motion for new trial on August 20, 2009.

On August 31, 2009, the trial court vacated its June
22, 2009 summary judgment order and signed a modified summary judgment order in
which it expressly (1) granted Riverway’s traditional summary judgment motion;
and (2) denied Riverway’s no-evidence summary judgment motion.  The trial court
did not expressly rule on the motion for new trial or on the objections to
Bach’s opinion testimony raised for the first time in the motion for new
trial.  

HCAD now appeals the trial court’s August 31, 2009 order
granting a traditional summary judgment in favor of Riverway.

Analysis

As the appellate record stands, Riverway obtained a
traditional summary judgment in its favor determining the property’s value to
be $55 million as of January 1, 2008.  Riverway proffered an affidavit and a
40-page report from appraisal expert Bach in support of its request for a
traditional summary judgment.

HCAD filed a summary judgment response, but did not
file a controverting affidavit or any other evidence addressing the property’s value. 
HCAD’s summary judgment response did not challenge Bach’s methodology.  After
the trial court signed an order granting summary judgment in favor of Riverway,
HCAD filed a motion for new trial in which it challenged certain aspects of Bach’s
methodology for the first time.

The trial court did not expressly rule on HCAD’s
motion for new trial, or on HCAD’s specific challenges to the expert’s
valuation methodology.  The trial court signed a modified summary judgment
order granting only a traditional summary judgment under Rule 166a(c); that is
the order HCAD now appeals.  Therefore, the propriety of a no-evidence summary
judgment under Rule 166a(i) is not at issue in this appeal.

A.        Propriety of Granting a Traditional Summary
Judgment   

In its first appellate issue, HCAD contends that the
trial court erred by granting a traditional summary judgment in Riverway’s
favor because (1) Riverway bore the burden to prove that the property’s market
value differed from its appraised value; (2) Bach’s uncontroverted affidavit
and supporting report do not establish the property’s market value as a matter
of law; (3) Rule 166a(c)’s reference to summary judgment based on
uncontroverted expert testimony is inapplicable here because the fact finder need
not be guided solely by expert opinion testimony in this context; (4) Bach’s expert
opinion was conclusory and used deficient methodology; and (5) the grant of
summary judgment impermissibly deprived HCAD of the opportunity to
cross-examine Bach.  HCAD does not challenge Bach’s qualifications.  

We review the trial court’s grant of summary judgment
de novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  Under Texas law, the party moving for a
traditional summary judgment carries the burden of establishing that no
material fact issue exists and that it is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  The nonmovant has no burden to
respond to a summary judgment motion unless the movant conclusively establishes
its cause of action or defense.  M.D. Anderson Hosp. & Tumor Inst.,
28 S.W.3d at 23.  

Once the movant produces sufficient evidence
conclusively establishing his right to summary judgment, the burden of proof
shifts to the nonmovant to present evidence sufficient to raise a fact issue.  See
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  In
reviewing a traditional summary judgment, we examine the entire record in the light
most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Yancy v. United Surgical Partners
Int’l, Inc., 236 S.W.3d 778, 782 (Tex. 2007).

1.      Availability
of traditional summary judgment 

As a threshold matter, we agree with HCAD that Riverway
bore the burden of establishing its entitlement to judgment as a matter of law
under Rule 166a(c).  We reject HCAD’s accompanying contention that a trial
court cannot grant a traditional summary judgment in favor of the
property-owner movant on the basis of uncontroverted and unchallenged expert
opinion evidence addressing property valuation.

Citing 2218 Bryan St., Ltd. v. City of Dallas,
175 S.W.3d 58, 67 (Tex. App.—Dallas 2005, pet. denied), HCAD asserts that (1) the
trial court was not obligated to accept Bach’s opinion regarding the property’s
valuation; and (2) therefore, Bach’s opinion could not establish Riverway’s
entitlement to judgment in its favor as a matter of law.  In 2218 Bryan
Street, the trial court heard appellant’s expert’s valuation opinion at
trial and made a specific finding of fact that the expert’s opinion was not
credible; the trial court listed 31 reasons to support its credibility
determination.  Id. at 66.  Appellant contended on appeal that, because
it provided the only valuation evidence proffered below, the trial court was
obligated as a matter of law to accept this evidence and incorporate it into
its findings of fact without regard to credibility.  Id. at 67.  The
Dallas Court of Appeals rejected appellant’s argument and stated: “To accept
appellant’s argument would usurp the trial court’s role as the sole judge of
the credibility of the witnesses and the weight to give their testimony.  We
may not impose our own opinions about the credibility of witnesses to the
contrary.”  Id. 

The present case is distinguishable from 2218
Bryan Street because the trial court here did not make express findings
determining that the expert opinion at issue lacked credibility.  Rather, the
trial court granted summary judgment in Riverway’s favor based upon uncontroverted
opinion testimony from an expert whose methodology was not challenged until
after summary judgment already had been granted.

It is one thing to say that a trial court is not
compelled to accept expert testimony when it has determined that the proffered testimony
lacks credibility or probative force — even in the absence of controverting
testimony.  It is quite another to argue, as HCAD does here, that a trial court
cannot grant summary judgment on the basis of uncontroverted and unchallenged expert
testimony in the absence of such a determination.

HCAD’s argument contravenes Rule 166a(c), which
recognizes that a movant can establish its right to summary judgment based
solely on the uncontroverted testimony of an expert witness if (1) the subject
matter is such that a trier of fact would be guided solely by the opinion
testimony of an expert; (2) the evidence is clear, positive and direct,
otherwise credible and free from contradictions and inconsistencies; and (3) the
evidence could have been readily controverted.  See Tex. R. Civ. P.
166a(c); Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991).  These
criteria are satisfied here.  Cf. McGalliard v. Kuhlmann, 722 S.W.2d
694, 697 (Tex. 1986) (Trial court was not compelled to accept expert testimony in
bench trial to determine cost to repair and prevent water leakage in home;
“[t]he trial judge can form his own opinion from other evidence and by
utilizing his own experience and common knowledge.”); Gregory v. Tex. Emp’t
Ins. Assoc., 530 S.W.2d 105, 107-08 (Tex. 1975) (Jury could rely on other evidence
to determine that employee’s death in fall from roof was not suicide, contrary
to expert’s opinion that building dimensions and position of employee’s body indicated
that he had run to edge of roof and jumped). 

HCAD tries to neutralize this provision of Rule
166a(c) by arguing that the property owner rule recognized in Porras v.
Craig, 675 S.W.2d 503 (Tex. 1984), forecloses exclusive reliance on expert
appraisal testimony to obtain summary judgment as to valuation for ad valorem
tax purposes.

Under Porras, property owners are deemed to
have sufficient expertise to opine about their own property’s value.  Id.
at 504 (“[T]he owner of the property can testify to its market value, even if
he could not qualify to testify about the value of like property belonging to
someone else.”).  The property owner’s valuation testimony must be based on
market value “rather than intrinsic or some other value of the property.”  Id.
at 505.  The supreme court rejected Porras’s testimony because he “referred to
personal rather than market value.”  The court held that the property owner was
qualified to give opinion testimony about the market value of his property; he
simply failed to do so.  Id.

Because a property owner can opine about valuation
under Porras, HCAD argues that this case is not one in which the trier
of fact would be guided solely by expert opinion testimony under Rule 166a(c).

It is not clear that Riverway, as an entity other
than a natural person, can invoke the property owner rule.  Courts have split
on whether an entity other than a natural person can avail itself of the
property owner rule.  See Speedy Stop Food Stores, Ltd. v. Reid Road Mun.
Util. Dist. No. 2, 282 S.W.3d 652 (Tex. App.—Houston [14th Dist] 2009, pet.
granted) (collecting cases).  The Texas Supreme Court has granted a petition
for review on this issue in Speedy Stop.  See id.

Even if the supreme court decides that the rule
applies to a property owner other than a natural person, the property owner
rule does not foreclose application here of Rule 166a(c)’s provision concerning
expert testimony.  The rule treats valuation testimony from a property owner as
the functional equivalent of expert valuation testimony insofar as the owner’s
own property is concerned.  See id. at 657 (“The Property Owner Rule is
based on the premise that property owners ordinarily know the market value of
their property and therefore have a sound basis for testifying as to its
value.”); see also id. at 659 n.1 (“The Property Owner Rule is
predicated entirely on ownership.  It rests on the fact that an owner
ordinarily knows the value of his property.”) (Seymore, J., dissenting). 
Because property owners are treated as having expertise regarding the value of
their own property, a valuation dispute like the one at issue here is a
“subject matter” on which the trier of fact is guided by “the opinion testimony
of experts” under Rule 166a(c) regardless of whether such testimony comes from
(1) a designated appraisal expert with expertise to opine about properties he
does not own; or (2) an individual property owner with sufficient expertise to
opine only about his own property.

Barring some cognizable infirmity in Bach’s opinion
or methodology, the trial court was entitled to rely upon Bach’s uncontroverted
expert valuation.  HCAD argues on appeal that two such infirmities exist:  (1)
Bach’s affidavit and supporting report are conclusory; and (2) his methodology
is flawed.  We address each in turn.

2.      Conclusory
affidavit

“An expert opinion is considered conclusory if it is
essentially a ‘conclusion without any explanation.’”  Pink v. Goodyear Tire
& Rubber Co., 324 S.W.3d 290, 296-97 (Tex. App.—Beaumont 2010, no pet.)
(quoting Arkoma Basin Exploration Co. v. FMF Assocs. 1990-A, Ltd., 249
S.W.3d 380, 389 (Tex. 2008)).  Relying on Amidei v. Harris Cnty. Appraisal
Dist., No. 01-08-00833-CV, 2009 WL 2050974, at *9 (Tex. App.—Houston [1st
Dist.] 2009, no pet.) (mem. op.).  HCAD argues that Bach’s opinion is purely
conclusory.  We disagree.

In Amidei, the court held that the property
owners’ affidavit was conclusory and, thus, incompetent summary judgment
evidence.  The affidavit at issue stated that the property owners “are
qualified and authorized to make this affidavit.  They [sic] have personal
knowledge of the facts stated herein which are true and correct.  That their
[sic] property at [address], the subject of this suit, had in their [sic]
opinion the market value of $96,900 on January 1, 2007.”  Amidei, 2009
WL 2050974, at *9.   

Unlike the affidavit in Amidei, Bach’s
affidavit and 40-page report explained the computation of the proffered
valuation.  Bach’s affidavit explained the approaches and methods he used in
the valuation of Riverway’s property and how the conclusions in his affidavit
were supported by the report he attached as Exhibit F to his affidavit.  Bach
stated that his attached report reflects the analysis he performed under
section 42.25 of the Texas Tax Code to value the property for the 2008 tax year. 
He also stated that the “information, methodology and data contained in Exhibit
F is appropriate based on accepted appraisal standards, technical or other
specialized knowledge that will assist in understanding and determining the
market value of the [building], as of January 1, 2008.”  Bach then described
the valuation approaches and what each approach considered:

As shown in Exhibit F, the values set forth in my report
were determined after application of, and analysis by, the Income and/or Sales
Comparison Approaches to value.

I first used the Income Approach. This approach is
predicated on the assumption that there is a definite relationship between the
amount of income a property is capable of producing and its value.  This
approach considers a property’s ability to produce income and recognizes that value
is the present worth of all future benefits relating from ownership.   I set
forth in detail the steps used in this Approach in the Valuation section of
Exhibit F.  In the analysis of the Property, I used the direct capitalization
technique.  I analyzed the Income Approach to value by researching current
market rents, operating expenses, occupancies, and tenant improvements
allowances of comparable properties.  As set forth in detail in Exhibit F,
under the Income Approach, the market value of the subject property as of
January 1, 2008 is $55,000,000.

I next considered the Sales Comparison Approach, which
looks at sales of comparable properties.  My analysis contained five (5)
office-building sales in the Galleria/West Loop Area that occurred from January
2007 to April 2008 and in size from 196,217 square feet to about 567,396 square
feet.  A summary of these five sales is contained in the Valuation section of
Exhibit F.  The adjustments to these five sales are discussed in detail in the
Valuation section of Exhibit F.  Also factored in are net differences per
square foot, deferred maintenance and capital expenditures, on-going tenant
improvements, leasing commissions, etc.  The resulting adjusted sales price is an
indication of the subject’s value for ad valorem tax purposes.  I concluded
that the market value of the Property using this approach is $57,500,000.

Bach explained that more
weight is given to the income approach because it “reflects how buyers and
sellers transact income-producing properties, and in the sales comparison
approach for this property, large adjustments needed to be made.”  Bach stated
that the difference between the two valuation approaches he used was less than
five percent.  At the end, Bach stated, “As set forth in detail in Exhibit F, I
have concluded that the market value of the Property as of January 1, 2008 is
$55,000,000.”

            The 40-page
report Bach attached to his affidavit explained the methods and calculations he
used to obtain the valuation figures for Riverway’s property and for comparable
buildings.  In his report, Bach explained that he gave the most weight to the
income approach because the “difficulty with the sales comparison approach is
that large adjustments were needed to be made” for “leased fee to fee simple,
for intangibles, NOI [net operating income] differences, age and size
differences, and occupancy differences; also a major adjustment was made for
rent loss costs and capital expenditures.”  Bach’s valuation opinion is not
conclusory. 

3.      Challenge
to methodology

We likewise reject HCAD’s argument that the summary
judgment should be overturned because Bach relied on deficient methodology.

On appeal, HCAD challenges Bach’s methodology on
these grounds: (1) courts traditionally have favored the sales comparison
approach in determining a property’s market value, but Bach focused on the
income approach to determine the Riverway property’s  market value; (2) Bach gave
insufficient consideration to the property’s 2005 sales price as an indicator
of market value; (3) Bach recognized the property’s 2005 sales price but discounted
that sale price in computing value for ad valorem tax purposes; (4) Bach used
five comparable office building sales and reduced all but one of the comparable
sales prices for ad valorem tax purposes; (5) “Bach’s five sales ‘comparables’
sold on ‘capitalization’ rates between 5.6% to 7.25%,” but Bach used “a base
cap rate of 9.0% and a tax loaded cap rate of 11.5237%;” and (6) Riverway’s property
— with a net operating income of $14.29 per square foot as calculated under the
income approach — yields a lesser per square foot market value than Bach’s
sales comparables even though the comparables have a lower net operating income
per square foot as calculated under the sales comparison approach.

Complaints about an expert’s deficient, flawed, or
unreliable valuation methodology must be asserted at the appropriate time in
the trial court.  Graves v. Tomlinson, 14-08-00654-CV, 2010 WL 4825624,
at *6, *10 (Tex. App.—Houston [14th Dist.] Nov. 30, 2010, no pet. h.) (citing Coastal
Transp. Co. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004),
and Nip v. Checkpoint Sys., Inc., 154 S.W.3d 767, 770-71 (Tex.
App.—Houston [14th Dist.] 2004, no pet.)).

HCAD did not challenge Bach’s valuation methodology
in its summary judgment response or at any other time before the trial court signed
an order granting summary judgment in Riverway’s favor.  Therefore, HCAD cannot
now attack Bach’s methodology on appeal.  See Pink, 324 S.W.3d at 297,
299-300 (applying Coastal Transp. Co. v. Crown Cent. Petroleum Corp. principles
in summary judgment context); see also Coastal Transp. Co., 136 S.W.3d
at 233; Graves, 2010 WL 4825624, at *6, *10; Nip, 154 S.W.3d at
770-71.  Challenges to expert methodology raised for the first time in a motion
for new trial will not be considered on appeal.  See Nip, 154
S.W.3d at 771 (court refused to consider challenges to reliability of expert
report raised for the first time in motion for new trial).  Under these
circumstances, the trial court was entitled to rely on Bach’s unchallenged
expert testimony to conclude that Riverway established the building’s market
value.

4.      Summary

We hold as follows: A trial court properly may grant
a property owner’s traditional motion for summary judgment establishing
valuation when that motion is supported by an appraisal expert’s non-conclusory
and uncontroverted valuation testimony.  A contention that the supporting
expert’s testimony contains methodological deficiencies precluding summary
judgment for the property owner must be raised before the trial court grants
summary judgment and a ruling must be obtained.  See Pink, 324 S.W.3d at
297, 299-300; see also Coastal Transp. Co., 136 S.W.3d at 233; Graves,
2010 WL 4825624, at *6, *10; Nip, 154 S.W.3d at 770-71.  

We do not hold that HCAD always must proffer a
controverting expert opinion to preclude summary judgment when a property owner
moves for a traditional summary judgment on valuation supported by an appraisal
expert’s affidavit and report.  We also do not hold that a property owner may
obtain a traditional summary judgment establishing property valuation when the
only proffered expert testimony is conclusory, or when the trial court is
presented with timely and valid challenges to the methodology relied upon by
the property owner.  But when the property owner proffers uncontroverted and
non-conclusory expert valuation testimony in support of a traditional motion
for summary judgment establishing valuation, the non-movant cannot eschew
challenges to the expert’s methodology; wait until summary judgment has been
granted; and then belatedly attack the expert’s methodology.

Here, the property owner supported its request for a
traditional summary judgment establishing valuation with uncontroverted and
non-conclusory expert testimony.  HCAD did not timely challenge the expert’s
methodology before summary judgment was granted.  Summary judgment was
appropriate under these circumstances.

Finally, we reject HCAD’s argument that the trial
court’s ruling in favor of Riverway deprived HCAD of an opportunity to
cross-examine Bach regarding  asserted “inconsistencies contained within the
[expert] report.”  HCAD erroneously assumes that cross-examination can occur
only at trial.  On this record, nothing prevented HCAD from (1) deposing Bach in
the course of pretrial discovery and questioning him about any alleged
deficiencies in his methodology; and then (2) highlighting these alleged
deficiencies in its summary judgment response.

Accordingly, we overrule HCAD’s first issue.

B.        Attorney’s Fees

In its second issue, HCAD contends that, “[i]n the
event the summary judgment is reversed, Riverway is not entitled to attorney’s fees”
because section 42.29 of the Texas Tax Code is the only provision that allows a
taxpayer who prevails in an appeal to the court to recover attorney’s fees. 
Because we affirm the trial court’s judgment, HCAD’s second issue presents
nothing for our review.  

Accordingly, we overrule HCAD’s second issue.

Conclusion

We affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.